15-3841
*Meyers v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                          *Chief Judge*,
                  RALPH K. WINTER,
                          *Circuit Judge*,
                  SIDNEY H. STEIN,
                          *District Judge*.[*]

_____

CHARLES MEYERS, JOHN BAKER, JUSTIN
STREKAL, MILES WALSH,

      *Plaintiffs-Appellees*,

            - v -                                              No. 15-3841

CITY OF NEW YORK, MICHAEL
BLOOMBERG, individually and in his official
capacity as former Mayor of the City of New York,
CHIEF OF DEPARTMENT JOSEPH J.
ESPOSITO, Individually and in his official
capacity, NYPD COMMISSIONER RAYMOND
KELLY, individually and in his official capacity,

      *Defendants-Appellants*,

_____

[*] Judge Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

1

OFFICER DOES 1 THROUGH 100, NYPD
PATROL OFFICER FREDDY YNOA, NYPD
Patrol Officer, Shield # 18851; HANS FRANCOIS,
Shield #25825, JOHN ZARANIS, Shield # 09645,
VASILE DUBOVICI, Shield # 28892,

    *Defendants.*

| For Plaintiffs-Appellees: | PAUL L. MILLS, Law Office of Paul L. Mills, New York, NY. |
| --- | --- |
| For Defendants-Appellants: | MAX MCCANN, Assistant Corporation Counsel, (Richard Dearing and Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Carter, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Plaintiffs-appellees, participants in an Occupy Wall Street protest, were arrested and charged with trespass and disorderly conduct after they refused a police order to vacate Zuccotti Park in lower Manhattan. Plaintiffs brought this suit challenging the lawfulness of their removal from Zuccotti Park and the decisions of defendants-appellants, New York City officials at the time, to arrest and charge plaintiffs. The district court dismissed several of plaintiffs' claims but left intact plaintiffs' Fourth Amendment claims for false arrest and malicious prosecution and First Amendment retaliation claims. The district court also denied qualified immunity to defendants-appellants, which allowed defendants-appellants to bring the present interlocutory appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

"We review a district court's denial of qualified immunity on a motion to dismiss de novo, accepting as true the material facts alleged in the complaint and drawing all reasonable inferences in plaintiffs' favor." *Garcia v. Does*, 779 F.3d 84, 91 (2d Cir. 2014) (internal quotation marks omitted).

"Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Id.* at 92. For instance, "[a]n officer is entitled to qualified immunity against a suit for false arrest if he can establish that he had arguable probable cause to arrest the plaintiff." *Id.* (internal quotation marks omitted).

Although the district court considered the issue of probable cause, the district court needed also to conduct adequate analysis of arguable probable cause and of whether qualified immunity protects defendants-appellants – a more "forgiving" standard than the probable cause inquiry. *Amore v. Novarro*, 624 F.3d 522, 530, 536 (2d Cir. 2010). In particular, we respectfully think the district court did not sufficiently take into account our holding in *Garcia*:

> police officers [are not required] to engage in an essentially speculative inquiry into the potential state of mind of . . . [arrestees]. Neither the law of probable cause nor the law of qualified immunity requires such speculation. Whether or not a suspect ultimately turns out to have a defense, or even whether a reasonable officer might have some idea that such a defense could exist, is not the question. An officer still has probable cause to arrest, and certainly is entitled to qualified immunity, so long as any such defense rests on facts that are so unclear, or a legal theory that is not so clearly established, that it cannot be said that any reasonable officer would understand that an arrest under the circumstances would be unlawful.

*Garcia*, 779 F.3d at 96 (citations omitted).

Upon remand, the district court should undertake a complete analysis of the qualified immunity issue. The district court should do so in light of the Amended Complaint filed in this case.

We have considered the parties' remaining arguments on appeal and find in them no basis for altering our decision. For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4